UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

    v.               Case No: 3:19cr18

BRYANT AUSTIN SNOW

**Motion in Limine to Strike Surplusage from the Indictment**

Bryant Snow moves to strike surplus language from the Superseding Indictment, pursuant to Rule 7(d), for the reasons set forth below.

**1. Applicable Law**

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The court has discretion to strike "surplusage" from an indictment "if it is clear that the challenged allegations are (1) not relevant to the charge or charges; (2) inflammatory; and (3) prejudicial to the defendant." *United States v. Presgraves*, 658 F.Supp.2d 770, 783 (W.D. Va. 2009) (citing *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (granting in part and denying in part motion to strike). The determining factor is not whether allegations in an indictment are "relevant," as defined by the Federal Rules of Evidence, but rather, as the Fourth Circuit recognized in *United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997), whether they are "unnecessary" in making out a prima facie pleading of the violation. As this Court has recognized:

> [F.R.Cr. 7(c)] contemplates an indictment that merely pleads each of the factual elements of the offense charged. It does not contemplate the inclusion of every piece of evidence that ultimately may be relevant to building a case against the defendant. If it did, a criminal indictment would be free to grow from a 'plain and concise' statement

> of 'essential' facts to an unreadable monstrosity discussing every piece of evidence that would be conceivably relevant at trial. Indeed the Government would be free to use an indictment to thoroughly present its case to the jury before the trial even began, at a time when the defendant would not be entitled to defend himself.

*United States v. Cooper*, 384 F.Supp.2d 958, 960 (W.D.Va. 2005).

**2. Argument**

The Superseding Indictment in this case is much more than a "plain and concise" statement of the essential facts. It is fifteen pages long, of which eight pages are "Background," describing Person A's cooperation with law enforcement as far back as 2015, Bryant's 2017 charges and conviction in Greene County, and allegations regarding Larry and Bryant's actions after Bryant's conviction. Of the remaining seven pages, most are taken up with a description of the conspiracy alleged in Count 2, including several pages on the manner and means and overt acts in furtherance of the conspiracy. The indictment includes numerous quotations from recorded jail conversations between Bryant and Larry. These include conversations regarding an individual—identified as Person C in the Superseding Indictment—unrelated to this case, specifically Larry's statement that he was "surprised somebody ain't smoked [Person C's] ass no bigger than he is" and Bryant's statement that he "could have" done so. They also include Bryant's reference to law enforcement as "those faggot pieces of shit."

Some of what is included in the indictment is of questionable relevance to the case at all—such as the discussion of Person C and Bryant's opinion of law enforcement, as well as the discussion of Bryant's prior methamphetamine conviction. Each of these allegations is already the subject of a motion in limine, based on its potential for unfair prejudice.

Even that information which may be relevant at trial, as defined by the federal rules, is unnecessary to make out a prima facie pleading of the offenses charged. For example, the

Superseding Indictment moves on a day-by-day basis through the conversations between Bryant and his family members regarding Person A and his vehicle. While this may be exactly the evidence that the government plans to offer at trial, if provided to the jury via the indictment, it runs the risk of operating exactly as this Court warned of in *Cooper*, as a means "to thoroughly present its case to the jury before the trial even began, at a time when the defendant would not be entitled to defend himself." *Id.* at 960. For that reason, the rehearsal of the government's evidence in the indictment is prejudicial, giving as it does an appearance of official imprimatur to the allegations the government seeks to prove.

Although an indictment is not evidence, courts feel compelled to remind the jury of this, because the simple fact that an indictment has been issued creates an inference of guilt. "[T]here is a real possibility that a charge leveled by a grand jury composed of its peers will weigh in the petit jury's balance on the side of guilt." *United States v. Garcia*, 562 F.2d 411, 417 (7th Cir. 1977). This is especially true when the court permits the jury to take the indictment with it during deliberations. 2 C. Wright, Federal Practice and Procedure § 486 at 719-20 (1982). *See also United States v. Roy*, 473 F.3d 1232, 1238 n.2 (D.C. Cir. 2007) (noting that the practice of giving the indictment to the jury "often carries significant risks and has few corresponding benefits.")

The government may or may not be able to prove the factual allegations contained in the indictment. That will depend partly on the Court's evidentiary rulings and partly on the strength of the government's evidence. As always, the burden is on the government and the standard is reasonable doubt. But the government should have to prove the factual allegations contained in the indictment without the assistance of the imprimatur put on the indictment by the grand jury. The court should strike the surplusage from the indictment and pare it down to the "essential facts" as stated in F.R.Cr.P. 7(c).

In the alternative, should the government agree to submit a table of charges to the jury, rather than the Superseding Indictment, as was done in *United States v. Mathis*, No. 3:14cr16, that would also satisfy the concerns raised in this motion.

**Conclusion**

For these reasons, Bryant Snow moves to strike the surplusage from the superseding indictment.

Respectfully submitted,

Bryant Snow

By Counsel
s/ Erin Trodden
Erin Trodden
Asst. Federal Public Defender
VSB No. 71515
116 N. Main St., Room 305
Harrisonburg, VA 22802
Tel: (434) 220-3396
Erin_trodden@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/ Erin Trodden